**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HEATHER PUANGCO,

        Plaintiff,

vs.                                      Case No.  3:15-cv-657-J-34JRK

EAN HOLDINGS, LLC AND MICHELE
SUZANNE SCHMITZ,

        Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte.  On May 27, 2015, Defendant Michele Suzanne Schmitz ("Defendant Schmitz") filed a Notice of Removal (Doc. 1; Notice) notifying the Court of her intent to remove this action from the Circuit Court of the Seventh Judicial Circuit, in and for St. Johns County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division, and purporting to set forth facts establishing that the Court has jurisdiction over this action.  See Notice at 1-4.  Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction.  See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See University of South Ala. v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28

U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

In the Notice, Defendant Schmitz asserts that this Court has jurisdiction over this action based on diversity jurisdiction. See Notice ¶ 4. Federal district courts may exercise diversity jurisdiction over cases involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. See 28 U.S.C. §1332(a); Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); Kirkland, 243 F.3d at 1280. The party removing an action originally filed in state court to federal court bears the burden of proving that federal jurisdiction exists. See Williams, 269 F.3d at 1319; Kirkland 243 F.3d at 1281, 1281 n.5. For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. Because Defendant Schmitz fails to properly allege the citizenship of Defendant EAN Holdings, LLC, see Notice ¶ 7, the Court cannot determine whether it has subject matter jurisdiction over this action.[1]

---

[1] Defendant Schmitz has properly alleged that Plaintiff Heather Puangco ("Puangco") is a citizen of Florida, Notice ¶ 5, and that Defendant Schmitz is a citizen of Switzerland, id. ¶ 6. Further, in support of her contention that the amount in controversy exceeds $75,000.00, Defendant Schmitz has provided Puangco's settlement offer letter in which Puangco seeks $150,000.00 in damages. See Exhibit C (Doc. 1-3; Ex. C).

> What [a settlement offer] counts for [ ] depends on the circumstances. Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide "specific information . . . to support [the plaintiff's] claim for damages" suggest the plaintiff is "offering a reasonable assessment of the value of [his] claim" and are entitled to more weight.

Mark v. Wood Haulers, Inc., No. CA 09-0706-CG-C, 2009 WL 5218030, at *9 (S.D. Ala. Dec. 31, 2009) (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (alterations in Mark); see Burns v. Ford Motor Co., No. 2:08-cv-352-FtM-29SPC, 2008 WL 4791111, at *2 (M.D. Fla. Oct. 31, 2008) (noting that a pre-suit demand letter could reflect posturing for settlement

(continued...)

Defendant Schmitz alleges that Defendant EAN Holdings, LLC, is a "Delaware corporation that has its principal place of business in the state of Missouri" and that "[t]herefore, Defendant[ ] EAN Holdings, LLC[,] is a citizen of the states of Delaware and Missouri." Notice ¶ 7.  For the purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).  A corporation, however, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted).  Thus, to sufficiently allege the citizenship of a limited liability company ("LLC"), a party must list the citizenship of each of the LLC's members, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business.  See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1).  Here, as Defendant EAN Holdings, LLC, is denominated as an LLC, but Defendant Schmitz alleges jurisdiction as if Defendant EAN Holdings, LLC, is a corporation, the Court is unable to determine Defendant EAN Holdings, LLC's citizenship.  As such, clarification is necessary

---

[1](...continued)
instead of an honest assessment of damages); see also McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008) (stating that a proposed settlement amount is relevant evidence of the amount in controversy if it appears to reasonably estimate the claim) (citing Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002)).  Puangco's settlement offer letter describes her medical treatments and asserts that she is "plagued with chronic pain." See Ex. C at 2.  As such, Puangco's $150,000.00 settlement offer appears to be a reasonable assessment of the value of the claim, and Defendant Schmitz has, thus, properly established the amount in controversy requirement.

to establish this Court's diversity jurisdiction. Specifically, Defendant Schmitz must establish the citizenship of each of Defendant EAN Holdings, LLC's members.[2]

As such, Defendant Schmitz has failed to provide the Court with sufficient information for the Court to determine whether it has jurisdiction over this action.[3] In light of the foregoing, it is

**ORDERED**:

Defendant Michele Suzanne Schmitz shall have until **July 2, 2015**, to file an amended notice of removal demonstrating that this Court has subject matter jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on June 3, 2015.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc18

Copies to:

Counsel of Record

---

[2] Defendant Schmitz is advised that each member's citizenship must be properly alleged, be it an individual, corporation, LLC, or other entity.

[3] When a case is removed from state to federal court, the removing party has the burden of establishing that federal jurisdiction exists. See Williams, 269 F.3d at 1319.